**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1487**

---

BIDZIRK, LLC,

                                    Plaintiff - Appellant,

         and

DANIEL G. SCHMIDT, III; JILL PATTERSON,

                                    Plaintiffs,

         versus

PHILLIP J. SMITH,

                                    Defendant - Appellee.

---

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:06-cv-00109-HMH-WM)

---

Submitted:  February 12, 2007        Decided:  March 6, 2007

---

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kevin Morgan Elwell, Greenville, South Carolina, for Appellant.
Phillip J. Smith, Appellee Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

BidZirk, LLC, Daniel G. Schmidt, III, and Jill Patterson filed a complaint in federal district court alleging Phillip J. Smith's articles on his internet web log violated the Federal Trademark Dilution Act and state law. BidZirk moved for preliminary injunctive relief pursuant to 15 U.S.C. § 1116(a) (2000). Adopting the magistrate judge's recommendation, the district court denied a preliminary injunction, and BidZirk appealed.

We review the grant or denial of a preliminary injunction for abuse of discretion, "recognizing that preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001). A district court abuses its discretion when it applies an incorrect preliminary injunction standard, rests its decision on a clearly erroneous finding of material fact, or misapprehends the law with respect to underlying issues in litigation. Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir. 1989).

In determining whether a preliminary injunction is appropriate, we consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the

requested relief is granted; (3) the likelihood the plaintiff will succeed on the merits; and (4) the public interest. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). "[T]he balance of harm evaluation should precede the determination of the degree by which the plaintiff must establish the likelihood of success on his part." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 813 (4th Cir. 1991).

If, after balancing the irreparable harm to the plaintiff against the irreparable harm to the defendant, the balance tips "decidedly" in the favor of the plaintiff, a preliminary injunction would be appropriate if the plaintiff "raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Id. at 812-13. If the balance tips away from the plaintiff toward equivalency, the plaintiff must demonstrate its entitlement to a preliminary injunction with "a very clear and strong case," because "if there is doubt as to the probability of plaintiff's ultimate success on the merits, the preliminary injunction must be denied." Id. at 813.

In light of these principles, we find no abuse of discretion and we affirm the district court's order denying a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED